```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                 WESTERN DISTRICT OF MISSOURI
                       WESTERN DIVISION
```

DEREK NOSKER and            )
CHARLENE NOSKER,            )
                            )
       Plaintiffs,          )
                            )
    v.                      )   Case No. 06-0286-CV-W-REL
                            )
GILL BROS. TRUCKING,        )
GBTI, INC., and             )
DONALD R. SHEARER,          )
                            )
       Defendants.          )
----------------------------)
                            )
ELAINE BEAN,                )
WILLIAM BEAN, and           )
IRIS NICHOLS,               )
                            )
       Intervenors.

## ORDER DENYING MOTION TO INTERVENE

Before the court is a motion to intervene as plaintiffs filed by Elaine Bean, William Bean, and Iris Nichols. For the following reasons, the motion to intervene will be denied.

*I.  BACKGROUND*

According to the charging documents in this case, plaintiffs Derek Nosker and Charlene Nosker were involved in a vehicular accident on August 14, 2005, in Montgomery County, Missouri. Derek Nosker was driving a car in which his wife, Charlene Nosker was a passenger. Also riding in the car were Charlene's parents, Elaine and William Bean,

and Elaine Bean's mother, Iris Nichols.  It was raining, and an accident had stopped traffic on I-70.  Derek Nosker braked to avoid hitting the cars which had stopped in front of him.  Plaintiffs allege that a semi-tractor trailer operated by defendant Shearer hit the back of the Nosker car causing severe injuries to the occupants.  The petition alleges that plaintiff Derek Nosker suffered a skull fracture and laceration to his head, and that plaintiff Charlene Nosker, who was to enter medical school, suffered a traumatic head injury causing brain swelling and coma, from which she may not fully recover; an occluded left internal carotid artery; right-sided paralysis; respiratory distress necessitating the use of a ventilator; loss of her gall bladder; multiple facial fractures; rib fractures; pneumothorax of the chest; and a right femur fracture.  She has suffered a stroke during her hospitalization as a result of her injuries; and currently has loss of psychological, physiological, personal, and social functions.  It is alleged that Charlene Nosker's medical bills have exceeded $700,000.

According to the motion to intervene, Elaine Bean incurred medical expenses exceeding $19,000, William Bean's

2

claims are solely derivative in nature, and Iris Nichols's medical expenses have yet to be determined.

Plaintiffs Derek and Charlene Nosker filed suit in Jackson County Circuit Court on August 28, 2005. Since that lawsuit was filed, the parties obtained information leading them to believe that the defendants[1] have insurance coverage limited to $1,000,000. On November 15, 2005, Elaine Bean, William Bean, and Iris Nichols filed a motion to intervene in state court. After a hearing, the state court Judge denied the motion to intervene on January 30, 2006. On April 5, 2006, defendants removed this case to federal court based on diversity jurisdiction.

On May 24, 2006, Elaine Bean, William Bean, and Iris Nichols (hereinafter referred to as "intervenors") filed a motion to intervene as plaintiffs in this court. In their motion, intervenors seek intervention as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) on the grounds that they have an cognizable interest in the subject matter of the litigation, their interest may be impaired as

---

[1] It is alleged that defendant Shearer is employed by defendant Gill Bros. Trucking, and that defendants Gill Bros. Trucking and GBTI, Inc., were associated to carry out a single business enterprise for profit and therefore GBTI, Inc., is liable as a joint venturer for the negligence of Shearer and Gill Bros. Trucking.

3

a result of the litigation, and their interest is not adequately protected by the existing parties to the litigation. Alternatively, they seek permissive intervention pursuant to Federal Rule of Civil Procedure 24(b) as the claims of the intervenors and the claims of the plaintiffs have common facts and issues of law.

On May 30, 2006, plaintiffs filed a response to the motion to intervene, stating that plaintiffs have no objection to the motion to intervene, but that plaintiffs would request that their case be tried separately from that of the intervenors pursuant to Rule 42(b) based on the fact that intervenors' claims are governed by tort reform statutory enactments while plaintiffs' claims are governed by pre-tort reform statutory law.

On June 8, 2006, defendants filed a response in opposition to the motion to intervene. Defendants argue that intervenors may not intervene as a matter of right because a contingent economic interest in insurance policy proceeds does not rise to a "legally protectable" interest. Additionally, defendants argue that permissive intervention is not warranted because the court would have to apply different law to intervenors' claims because their claims were filed after Missouri's tort reform statutes went into

4

effect. "Applying different laws would likely lead to complexity, delay and confuse the jury."

On June 22, 2006, intervenors filed a reply brief arguing that Derek Nosker will be an indispensable witness in intervenors' case, and that intervenors will likely be called to testify for plaintiffs. "It makes sense that the intervenors' claims and those of the plaintiffs' [sic] be disposed [of] by one court, at one trial."

## *II. MOTION TO INTERVENE AS A MATTER OF RIGHT*

Federal Rule of Civil Procedure 24(a)(2) provides that an interested third party may intervene in an action as a matter of right if certain requirements are met. The proposed intervenor must demonstrate that: "(1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." South Dakota ex rel. Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 785 (8th Cir. 2003). The fourth and final requirement is that the motion to intervene must be "timely." United States v. Union Elec. Co., 64 F.3d 1152, 1158 (8th Cir. 1995). Each of these requirements must be met to intervene as of right. Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997).

5

The most-often discussed factor in intervention as a matter of right is whether there is a recognized interest in the subject matter of the litigation. However, there is no precise or authoritative definition of that requirement.

> [S]ome general guidelines have emerged. . . . [A]n intervenor's interest must be one that is significantly protectable. [This means that] the interest must be a legal interest as distinguished from interests of a general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene. This interest in recognized as one belonging to or one being owned by the proposed intervenors. . . . In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. <u>Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene.</u>

<u>Liberty Mutual Insurance Company v. Treesdale, Inc.</u>, 419 F.3d 216, 220-221 (3rd Cir. 2005) (emphasis added), quoting <u>Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.</u>, 72 F.3d 361, 366 (3rd Cir. 1995).

In <u>Liberty Mutual</u>, PMP manufactured asbestos-containing products. PMP was named in numerous lawsuits brought by plaintiffs who suffered bodily injury as a result of exposure to the asbestos. Liberty Mutual paid judgments and settlements on behalf of PMP in excess of $5,000,000, the total coverage available under the primary policies. Liberty Mutual then continued to defend and indemnify PMP

6

under umbrella liabilities policies. Liberty Mutual filed a declaratory judgment action seeking a declaration that it would have no further duty to defend or indemnify PMP once the amount of the umbrella policies had been paid. Several individuals claiming to have been injured by their exposure to the asbestos moved to intervene, arguing that their right to recovery for the injuries could be eliminated in the declaratory judgment action because PMP was insolvent except for the umbrella policies.

The trial court denied intervention and the court of appeals affirmed. "[T]he mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene. . . . Appellants here have no property interest in the Liberty Mutual [umbrella] policies nor do they have any other legally protectable interest in the policies. Rather, they have the kind of economic interest in the insurance proceeds that we have held does not support intervention as a matter of right." <u>Liberty Mutual Insurance Company v. Treesdale, Inc.</u>, 419 F.3d at 221-222.

Such is the case here. Intervenors have no legally protectable interest in the subject matter of this litigation. They allege only that the limits of the

7

insurance policy will be used up by the plaintiffs leaving nothing for intervenors in the event they recover on their injuries against the defendants. The facts of this case are nearly identical to those in Liberty Mutual discussed above.[2]

Examples of cases wherein the court found a legally protectable interest in the subject matter of the litigation make clear that this case does not satisfy that requirement. In Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361 (3rd Cir. 1995), the insurance carrier paid the proceeds of the insurance policy to a condominium association to compensate for a loss caused by a hurricane. The condominiums were governed by an association which was run by a Board of Directors who had certain powers by virtue of the bylaws and certain statutes. The Board was required to appoint an insurance trustee to approve payment to each individual condominium owner from the proceeds of the insurance payment. Instead the Board distributed insurance proceeds to owners based on the size of the

---

[2]Intervenors attempt to distinguish several cases cited by defendants by pointing out that this is not a declaratory judgment action. I have found no law to distinguish a declaratory judgment action from any other type of civil lawsuit on the issue of intervention, and intervenors fail to cite any.

8

various units regardless of the damage sustained. As part of the reconstruction plan, the Board entered into an agreement with Dave Stabbert Master Builder, Inc. The Board became dissatisfied with his work and a dispute arose. Stabbert filed mechanics' liens against the condos, and the Board sued Stabbert for breach of contract. Stabbert eventually agreed to release the liens, and the Board deposited $250,000 of the insurance proceeds (all that was left of the proceeds) into the court's registry while the Board and Stabbert proceeded to mediation. Mr. and Mrs. Seipel, who owned two damaged condos and had filed a separate suit alleging the Board had violated its duty by failing to appoint an insurance trustee, then moved to intervene in the mediation between Stabbert and the Board. The Seipels argued that successful mediation between the Board and Stabbert would result in distribution of the entire $250,000 escrow deposit.

The district court denied the motion to intervene, and the court of appeals reversed. The court noted that the $250,000 in escrow was to be held in trust by an insurance trustee for each condo owner under the Association's bylaws and statutory law. Thus, the funds in escrow were "assets of an express trust, of which the individual apartment

9

owners [were] intended beneficiaries. Consequently, the apartment owners [had] a property interest in the trust res that [was] enforceable either in law or in equity." Id. at 367.

Additionally, in Henry's Marine Service, Inc. v. Fireman's Fund Ins. Co., WL 1857646 (E.D. La. August 17, 2004), Henry's Marine Service, Inc., was a boat chartering business. Henry's chartered several vessels to Tetra Applied Technologies under an agreement which obliged Henry's to defend, indemnify, and hold Tetra harmless for, among other things, injuries to third parties in connection with the chartered vessels. When three of Tetra's employees injured themselves in separate and unrelated accidents and sued Tetra in state court, Tetra made demand upon Henry's to assume and to pay for Tetra's defense under the agreement. Tetra also demanded that Henry's indemnify Tetra for any amounts that it may be required to pay in either judgment or settlement. Henry's eventually agreed to defend and to indemnify Tetra in the underlying state court suits. Henry's retained the services of Paul Miniclier and his law firm to represent Tetra's and its own interests in the underlying state actions.

10

To protect itself against claims arising from its boating operations, Henry's had insurance coverage through defendants Fireman's Fund Insurance Company. Relying on provisions in its insurance contract with Fireman's Fund, Henry's tendered Tetra's demands to Fireman's Fund who refused to pay.

The court entered judgment for Henry's in the amount of $378,371.92, which included $25,008.43 in legal fees incurred by Paul Miniclier. Miniclier had secured this debt by means of a promissory note and UCC-1 statement that he had filed. The promissory note created a security interest in the proceeds of the lawsuit. In granting Miniclier's motion to intervene as a matter of right, the court stated, "The Court's award of legal fees for Miniclier's services and his established security interest in the proceeds of the Court's judgment are sufficient to establish that Miniclier has a direct and substantial interest in these proceedings."

Again, the substantial interest required to intervene as a matter of right must be an interest in the subject matter of the lawsuit. The fact that the lawsuit may impede the intervenor's ability to recover in a separate suit is not a substantial interest in the subject matter of the lawsuit. If the defendants in this lawsuit have adequate

11

assets outside the insurance policy discussed in the motion, then intervenors can collect on any judgment in a separate lawsuit. Even if defendants had no insurance policy, intervenors could still sue defendants and attempt to collect any judgment from the defendants' assets. Their interest is in recovering for their injuries caused by defendants' negligent conduct, not in the specific insurance policy that is available to satisfy a judgment.

By contrast, the condominium owners in Mountain Top sought to obtain the insurance money paid for the hurricane damage to their condos, the very money that was the subject matter of the original lawsuit. The attorney in Henry's Marine Service had an interest in collecting his attorney's fees, which were secured by a promissory note and were made part of the judgment by the court, again the very money that was the subject matter of the lawsuit. Neither of these intervenors could have gone back to collect what was owed to them because in Mountain Top, the insurance company had paid for the damage to the intervenors' condos (only they had not received it due to the breach by the Board), and in Henry's Marine Service, the court had already awarded the attorney's fees (only the attorney had not received them due to the mediation between the two original parties).

12

Because intervenors in this case do not have a recognized interest in the subject matter of the litigation, they do not satisfy the requirements of intervention as a matter of right. Therefore, the motion to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) will be denied.

## *III. PERMISSIVE INTERVENTION*

Alternatively, intervenors seek to intervene pursuant to Federal Rule of Civil Procedure 24(b). Rule 24(b) provides that:

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common . . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The decision to grant or deny a motion for permissive intervention is wholly discretionary even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied. South Dakota ex rel Barnett v. United States Department of Interior, 317 F.3d 783, 787 (8th Cir. 2003), citing Bush v. Viterna, 740 F.2d 350, 359 (5th Cir. 1984); Curry v. Regents of University of Minnesota, 167 F.3d 420, 422 (8th Cir. 1999).

13

The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights. <u>South Dakota v. U.S. Dept. of Interior</u>, 317 F.3d at 787; <u>United States v. Pitney Bowes, Inc.</u>, 25 F.3d 66, 73 (2d Cir. 1994).

In this case, plaintiffs do not object to the intervention, but have stated that if the motion to intervene is granted, plaintiffs will request that their cased be tried separately from that of the intervenors pursuant to Federal Rule of Civil Procedure 42(b) because the intervenors' claims are governed by tort reform statutory enactments, while plaintiffs' claims are governed by pre-tort reform statutory law. This is a point also raised by defendants, who argue that with one trial the differences would lead to complexity and delay and would likely confuse the jury. I agree.

The lawsuit filed by Derek and Charlene Nosker was filed August 28, 2005, and has been pending in state court and in this court for ten months. Plaintiffs served on defendants Gill Bros. Trucking and Donald R. Shearer their first set of interrogatories and first request for production of documents on November 15, 2005. Therefore,

14

adding three new plaintiffs at this point would no doubt cause at least some delay in the discovery proceedings. Intervenors' original motion to intervene was filed in state court on November 11, 2005.  Although that motion was denied, there is no evidence that they have pursued their own lawsuit against defendants.

Because this case has been pending for nearly a year, and because the law would differ as applied to plaintiffs and intervenors, the motion for permissive intervention will be denied.

### *IV. CONCLUSION*

Based on all of the above, I find that intervenors have not met the requirements of intervention as a matter of right, and that permissive intervention is not appropriate given the length of time the case has been pending coupled with the differences in law that must be applied to plaintiffs and intervenors.  Therefore, it is

ORDERED that the motion for intervention as a matter of right is denied.  It is further

15

ORDERED that the motion for permissive intervention is denied.

                                                */s/ Robert E. Larsen*
                                                ROBERT E. LARSEN
                                                United States Magistrate Judge

Kansas City, Missouri
June 28, 2006

16