IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DEREK NOSKER and          )
CHARLENE NOSKER,          )
                         )
          Plaintiffs,     )
                         )
     v.                   )     Case No. 06-0286-CV-W-REL
                         )
GILL BROS. TRUCKING,      )
GBTI, INC., and           )
DONALD R. SHEARER,        )
                         )
          Defendants.     )

**ORDER**

Before the court is defendants' motion to reconsider my
February 20, 2007, order granting plaintiffs' motion to file
a second amended complaint.  In support of their motion,
defendants point to the ECF entry on January 31, 2007, which
reads as follows:

> MOTION to join *Additional Parties and to File Second Amended Complaint* filed
> by Michael R Tripp on behalf of Derek Nosker, Charlene Nosker.  Suggestions in
> opposition/response due by 2/20/2007 unless otherwise directed by the court.
> (Attachment: #(1) Exhibit Second Amended Complaint)(Tripp, Michael)

Local Rule 7.1(d) provides that a party has 12 days to
file a response to a motion.  There is no legal authority
for extending that deadline based on a docket entry
calculated by a computer.  A 12-day response time to a
motion filed on January 31, 2007, would make the response
due on February 12, 2007, not on February 20, 2007.  If a
computer docket entry lists a response deadline different

from that calculated by counsel according to the Federal Rules and the Local Rules, it is counsel's responsibility to (1) use the earlier deadline, or (2) call chambers to inquire about the discrepancy.

I have been informed by the Clerk's Office that a new version of ECF was installed earlier this year. The new version automatically calculated a three-day mailing time; however, a three-day mailing time had been manually added to the program, making a six-day mailing time, and an overall response time of 19 days. That error was discovered on February 8, 2007, and was corrected. In any event, the motion was not mailed, it was electronically filed, and nothing in the ECF system overrides the deadlines set by law.

Defendant's next argument is that the court applied Rule 15 rather than Rule 16 in granting the motion for leave to amend the complaint, citing <u>Moore's Federal Practice</u>, and <u>Osborne v. King</u>, 2006 WL 2371186 at *9 (S.D. W. Va. 2006). Contrary to defendants' argument, the court in <u>Osborne</u> analyzed the issue using Federal Rule of Civil Procedure 15:

> Federal Rule of Civil Procedure 15(a) permits amendment of a complaint after a responsive pleading has been filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In its most

2

recent discussion of Rule 15(a), our court of appeals observed as follows:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

The court in <u>Osborne</u> then held that the court may consider both Rule 15 and the good-cause standard in Rule 16. The court did not hold that Rule 15 was inapplicable.

In <u>In re Milk Products Antitrust Litigation</u>, 195 F.3d 430, 437 (8th Cir. 1999), the Eighth Circuit held that whether to grant leave to amend a complaint is in the discretion of the district court, and the court "may" require a good cause showing under Rule 16 if the scheduling order has already been entered.

> Plaintiffs argue the district court abused its discretion by requiring them to satisfy the good cause requirement under Rule 16(b) instead of considering their motion under the liberal amendment standards of Rule 15(a). We disagree. When the district court has filed a Rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order. <u>See</u> <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders

3

meaningless and effectively would read Rule 16(b) and
its good cause requirement out of the Federal Rules of
Civil Procedure." <u>Sosa v. Airprint Sys., Inc.</u>, 133
F.3d 1417, 1419 (11th Cir. 1998).

In that case, the plaintiffs filed a class action
lawsuit on June 24, 1996, and amended the complaint on
January 31, 1997 (the deadline in the scheduling order for
amending the complaint was February 1, 1997). After
realizing that none of their named plaintiffs were proper
class representatives, the plaintiffs sought leave to file
yet another amended complaint adding three new plaintiffs,
and this request came 14 months after the deadline for
filing an amended complaint. The district court denied
leave to amend the complaint, reasoning that the plaintiffs
had already amended their complaint twice, the latest
request came more than a year and a half after the deadline
for filing an amended complaint, and realizing they had not
included a proper plaintiff is not "good cause" under Rule
16 for amending a complaint to add a new party.

The case was appealed to the Eighth Circuit which held
that once a scheduling order has been entered, the district
court "may" require a showing of good cause before granting
leave to amend.

4

In this case, the scheduling order set October 5, 2006, as the deadline for adding additional parties. In their motion to amend the complaint, plaintiffs state that they were unable to amend the complaint prior to the established deadline because "plaintiffs were forced to file a Motion to Compel to obtain certain corporate and financial documents from defendants Gill Bros. Trucking and GBTI, Inc., which motion was granted by this Court on December 6, 2006, and because plaintiffs only recently took the corporate deposition of Gill Bros. Trucking and GBTI, Inc. The information gleaned from the recently-acquired discovery and the depositions led plaintiffs to conclude that corporate veil-piercing was appropriate and warranted in this action."

The record in this case shows that during a September 6, 2006, teleconference plaintiffs' counsel advised the court of a discovery dispute regarding the financial status of the defendants. A teleconference on the discovery dispute was held on September 13, 2006. After the tele-conference, plaintiffs were instructed to file their brief by September 25, 2006, and the response was due by October 5, 2006. A reply brief was filed on October 20, 2006. On December 6, 2006, the motion to compel was granted, and defendants were ordered to provide the documents and

Case 4:06-cv-00286-GAF   Document 44   Filed 02/21/07   Page 5 of 7

information within ten days, or by December 16, 2006. Just over a month later, plaintiffs filed the motion to amend the complaint to add a piercing-the-corporate-veil theory of recovery.

Based on the defendants' refusal to turn over financial documents and information until compelled to in December 2006, which was after the deadline in the scheduling order for amending the complaint, I find that plaintiffs have established good cause required by Rule 16.

Defendants argue in their untimely response that if plaintiffs had requested that discovery sooner, they would have had time to review the material after the court ordered that it be produced. That argument is without merit. Defendants' refusal to provide the documents and information requested was without a proper legal basis (for example, Gill Bros. Trucking did not believe it was liable and therefore believed it had no obligation to produce the requested documents). Plaintiffs requested that information in a timely manner; and defendants' refusal to provide it, resulting in a teleconference, briefing, and an order by me, all of which took several months, cannot be used against the plaintiffs. The plaintiffs were unable to determine whether a veil-piercing theory was applicable without the financial

information the defendants fought so hard to withhold.

Based on all of the above, it is

ORDERED that the motion to amend the complaint has been reconsidered, and the order granting leave to file the amended complaint stands.

    /s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
February 20, 2007

Case 4:06-cv-00286-GAF   Document 44   Filed 02/21/07   Page 7 of 7